UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENT MOHLMAN,

                Plaintiff,                        No. 16-cv-11365

vs.                                       Hon. Gerald E. Rosen

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for
LONG BEACH MORTGAGE LOAN
TRUST 2006-1,

                Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on January 6, 2017

PRESENT:  Honorable Gerald E. Rosen
                   United States District Judge

Plaintiff Brett Mohlman filed this *pro se* action complaining that Defendant

Deutsche Bank wrongfully foreclosed on his Livonia, Michigan property.  Within a week

of filing his Complaint, Mohlman filed a Motion requesting that the Court grant him

injunctive relief and enjoin Defendant from evicting him from the property "for the

reasons set forth in his complaint."  [Dkt. # 3.]  Plaintiff has been granted permission to

proceed *in forma pauperis,* without prepayment of the filing fee under 28 U.S.C. § 1915.

After careful consideration, the Court dismisses Plaintiff's complaint pursuant to 28

U.S.C. § 1915(e)(2) and denies Plaintiff's Motion for Injunctive Relief as moot.

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Burgery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

This is the fourth action Plaintiff Mohlman has brought complaining about the validity of the foreclosure of his property. In December 2011, Plaintiff filed a complaint in state court which was subsequently removed by the defendants -- Deutsche Bank's predecessor-in-interest, JP Morgan Chase Bank, and Chase's vice-president, Craig J. Keaney -- to this Court and assigned Case No. 12-10120 ("*Mohlman I*"). Plaintiff's various counts in that action revolved around assertions that due to the defendants' actions, his mortgage was incorrectly placed in default and that the defendants' actions were otherwise fraudulent. As relief Plaintiff asked the Court to extinguish any interests the defendants may hold in the subject property, return the property to him and award him damages for "defending the fraudulent action."

The Court granted the defendants' motion to dismiss Plaintiff's complaint and dismissed Plaintiff's suit for failure to state any plausible claim upon which relief could be granted. *See Mohlman v. Long Beach Mortgage, et al.,* 2013 WL 490112 (E.D. Mich. Feb. 8, 2013). The Sixth Circuit affirmed this ruling in an unpublished order dated

2

December 27, 2013.  *See Mohlman v. JP Morgan Chase Bank, N.A., et al*, Sixth Circuit

No. 13-1291.

Then, in February 2015, Plaintiff filed another *pro se* complaint, this time naming

Deutsche Bank, successor-in-interest to JP Morgan Chase Bank, as defendant and

seeking relief from the then impending sheriff's sale of the Livonia property in light of

various alleged defects in the foreclosure process leading up to the sale.  Deutsche Bank

removed the suit to federal court, and it was assigned to this Court as Case No. 15-11085

("*Mohlman II*").  On the Report and Recommendation of U.S. Magistrate Judge

Elizabeth A. Stafford, the Court granted the defendants' motion to dismiss, and

dismissed *Mohlman II* on *res judicata* grounds.

While the Report and Recommendation was pending in *Mohlman II*, Plaintiff filed

yet a third *pro se* complaint in October of 2015.  *See Mohlman v. Deutsche Bank*

*National Trust Company, et al*, No. 15-13489 ("*Mohlman III*").  That case was assigned

to this Court as a companion case to *Mohlman II*.  After giving Plaintiff an opportunity to

show cause why the case should not be dismissed, on August 1, 2016, the Court

dismissed *Mohlman III* on *res judicata* ("claim preclusion") grounds.  *See Mohlman v.*

*Deutsche Bank National Trust Company,* 2016 WL 4073555 (E.D. Mich. Aug. 1, 2016).

Undeterred by previous rulings, Plaintiff filed this *pro se* action again

complaining that his Livonia, Michigan property was wrongfully foreclosed by

Defendant Deutsche Bank.  Though, as he has done in his various previous complaints,

Plaintiff asserts new "theories" of recovery, there is no denying that these theories involve the same subject matter -- the foreclosure of his Livonia, Michigan property -- and the same underlying transactions that gave rise to the earlier actions.

As the Court explained in dismissing *Mohlman II* and stated, again, in its dismissal of *Mohlman III*, "the doctrine of *res judicata*, or claim preclusion, encompasses both claims actually asserted in an earlier suit and those that could have been litigated in the prior action." *Mohlman II*, 3/3/16 Opinion and Order, Dkt. No. 34, p. 8 (citing *Rawe v. Liberty Mutual Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006)); *see also Mohlman III*, 8/1/16 Order and Judgment of Dismissal, 2016 WL 4073555 at *2 ("[T]he law is clear that claim preclusion cannot be avoided through the assertion of 'alternative theories of recovery' or a request for 'a different remedy', so long as these 'other theories could have been asserted and [other] remedies could have been sought in the earlier action.'" (citing *Rawe,* 462 F.3d at 529)).

Plaintiff's newest action is subject to the same ruling:  the new theories of recovery Plaintiff advances here could readily have been pursued in Plaintiff's previous actions.

All four elements of *res judicata,* or claim preclusion, are present here:   (1) a final decision on the merits by a court of competent jurisdiction was entered in the previous action; (2) the present action is between the same parties or their privies; (3) the issues in the present action were litigated or should have been litigated in the prior action; and (4)

4

as the present and previous actions arise out of the same transaction or series of

transaction, there is an identity of the causes of action. *See Browning v. Levy*, 283 F.3d

761, 772-74 (6th Cir. 2002). Plaintiff's present Complaint, therefore is barred by the

doctrine of *res judicata*.

When a complaint is barred by *res judicata*, it lacks an arguable basis either in law

or in fact. *Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001). Accordingly, *res

judicata* is cause for dismissal based on failure to state a claim pursuant to 28 U.S.C. §

1915(e). *See Murray v. Reed*, 69 F. App'x 246, 247 (6th Cir.2003) (affirming district

court's dismissal of *ifp* complaint based on frivolousness and failure to state a claim

under the principle of *res judicata*); *Skudnov v. Housing Auth. of Bowling Green*, 2007

WL 2915179, at *3 (W.D. Ky. Oct. 5, 2007) ("In the present action, Plaintiff is simply

trying to re-litigate claims that he lost as part of his 2005 action. As such, this action is

barred by the doctrine of *res judicata*, and therefore, must be dismissed as legally

frivolous and for failure to state a claim upon which relief may be granted.")

For all of the foregoing reasons, the Court concludes that Plaintiff has failed to

state a claim upon which relief can be granted. Therefore,

IT IS HEREBY ORDERED that Plaintiff's Complaint is hereby DISMISSED,

pursuant to 28 U.S.C. § 1915(e)(2). Accordingly,

IT IS FURTHER ORDERED that Plaintiff's Motion for Injunctive Relief **[Dkt. #
3]** is denied as MOOT.

5

IT IS FURTHER ORDERED that an appeal of this Order would be frivolous and not in good faith. Therefore, leave to appeal *in forma pauperis* will be DENIED.

SO ORDERED.


s/Gerald E. Rosen
United States District Judge

Dated:  January 6, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

6